The next case on the call this morning is 115-595, People of the State of Illinois v. Adolfo Davis. The party's ready. Good morning, Honorable Justices of the Supreme Court, Counsel, may it please the Court, I am Assistant State's Attorney Alan Spellberg, representing the people of the State of Illinois. In October 1990, Petitioner Adolfo Davis and two co-defendants, as part of a plan of gang retaliation, and with the specific intent to murder as many people as they could, burst into an apartment building on the south side of Chicago, into an apartment on the south side of Chicago, shooting two people, murdering them, shooting a third, and injuring another. A week later, he was arrested, and within the next two weeks, the other two co-defendants were arrested. Petitioner Adolfo Davis gave a statement to an Assistant State's Attorney specifically identifying that he had the specific intent to kill those individuals in the apartment, as part of gang retaliation. The matter went to juvenile court, where a juvenile transfer hearing was held. At the discretion of the judge, he was transferred to adult criminal court, wherein he was indicted for multiple counts of first degree murder, home invasion, and attempt murder. A jury trial was held. He was convicted, and the trial judge sentenced him to the mandatory natural life sentence that was required by the statute at the time, as well as 30 years for each count of attempt murder and 30 years for the home invasion. The conviction was affirmed on appeal in 1996, and 16 years later, the United States Supreme Court issued a ruling in Miller v. Alabama that mandatory natural life sentences cannot be imposed on juvenile defendants, on murder defendants who were under 18 years old at the time of the crime. Based upon that, the appellate court in this case, under review of his fourth post-conviction petition, ruled that the defendant's sentence was unconstitutional and invalid and ordered a new sentencing hearing. So the question before this court now is whether or not Miller v. Alabama is properly applied retroactively to a case that was deemed final 16 years before it was released. The people submit that the answer to that must be no. This court has long recognized that under Teague v. Lane and People v. Flowers, new rules of constitutional criminal procedure are not applied retroactively, except in two very limited circumstances. The first one is that it is a rule of substance, a substantive rule which takes a matter beyond the power of the legislature, beyond the power to punish. So it effectively decriminalizes an offense or makes it so that a particular punishment cannot be imposed in any instance. The other exemption is that the new rule of criminal procedure is what is known as a watershed rule of criminal procedure. In this case, the appellate court held that Miller v. Alabama amounts to a watershed rule, whereas other panels of the appellate court here in Illinois have ruled that it is a substantive rule. Neither of those exemptions has been satisfied. And the reason why is because Miller itself makes clear that it is a procedural ruling. It specifically says that it is not announcing a categorical prohibition on the imposition of natural life sentencing for murder defendants who are under 18 years old. Instead, it specifically says that a particular procedure must be applied. And as the United States Supreme Court has previously said in Penry and in Schreiro v. Summerlin, imposing a procedure to impose a sentence does not mean that it is a substantive ruling. A substantive ruling is one which makes it impassable to impose that sentence anymore. And as I said, Miller specifically authorizes natural life sentences for even those murder defendants who are under 18 years old. It is also not a watershed rule. And the reason why it is not is because the U.S. Supreme Court and this Court have recognized that watershed rulings are extraordinarily rare. The only ones to have ever been identified is Gideon v. Wainwright, a type of case that makes a guarantee of procedural due process, a guarantee of fairness for the entire proceeding across the bar. And as this Court said in Morris, a ruling that applies solely to sentencing is not akin to Gideon. As this Court said in De La Paz, Apprendi rulings are not watershed because it is not akin to Gideon. And so for that reason, the appellate court here was wrong when it ruled that Miller v. Alabama applied to this defendant, to this petitioner, 16 years after his conviction was deemed final. Illinois appellate courts are the only courts in the country to have found Miller to be a watershed ruling. Every other court across the country, every other reviewing court, has rejected the nature of a watershed ruling under the second Teague exemption, something that in De La Paz this Court noted that the Illinois appellate court was unique in finding a watershed ruling. As to the substantive side, the Teague argument, admittedly there are three State Supreme Courts that have ruled that Miller is a substantive ruling that would be in Iowa, in Mississippi, in Massachusetts, but there are also three State Supreme Courts that have rejected it, that have specifically held that it is not a substantive ruling. That's Pennsylvania, that's Minnesota, and that's Louisiana. Those cases, and you will see, the cases that rule that it is a substantive ruling make the mistake of assuming that simply because a mandatory natural life sentence can no longer be imposed, that it has somehow altered the statutes which apply to the case. But as we point out in our brief, the appellate court or the statutes still authorize natural life sentencing, and Miller still authorizes natural life sentencing. It's just new procedures have to be imposed and have to be applied in order to reach that. But we're not talking in this case about imposing a natural life sentence on someone here in 2014. We're talking about whether or not the sentence that was imposed in 1993 was properly imposed and was valid at the time. And that's the heart of the retroactivity analysis, is that we respect the prior determinations that were made according to the law at the time as proper, and we only go back and allow new rules and new understandings of the Constitution to undo prior judgments only in those extraordinarily rare situations. And it's for these reasons that Miller v. Alabama doesn't reach that level. And so we would respectfully request that this Court reverse the appellate court's ruling, affirm the denial of leave to file successive post-conviction petition, and recognize that the defendant was properly convicted and sentenced to natural life. Mr. Spellberg, should this Court revisit its decision in Flowers? No, Your Honor. I would certainly suggest not. As Flowers, and as we point out in our reply brief, Flowers was a well-thought-out determination as to whether or not Teague should be adapted here in Illinois, whether or not the Teague doctrine. And it engaged in a full and complete analysis of whether or not Teague was an appropriate recognition of respect for the final judgment and recognition of the guarantees of the constitutional rights in the new rules of criminal procedure. Do you not think that Flowers adapted Teague too rigidly? No, Your Honor. I certainly would not suggest that at all, because I believe that what Flowers did was it examined what Teague addressed. And Teague, admittedly, was based primarily upon the federalism and comity issues that are inherent in federal habeas corpus review. But Teague also recognized the importance of finality, that finality of judgment is something that the criminal justice system is very dependent upon, that there is an understanding of the need for closure, not just for the victims, not just for the witnesses, but also for the cases. These cases can go on forever. This is a very good example of a case that can go on repeatedly through time, and that this was the defendant's fourth post-conviction petition, which he attempted to file. If there isn't a finality of judgment, then issues will be relitigated over and over and over. And so what Teague recognized and what Flowers stressed was that finality of judgment is inherent in the nature of the criminal justice system, is that the parties ensure that the defendant receives a fair trial at the time of the trial, he's entitled to all of the protections guaranteed by the Constitution and the statutes at the time, and if the judgment is affirmed, if it's rendered final on appeal, it's rendered final appeal. That's the judgment that is there. And so Teague and Flowers demonstrated the need for the finality. And so that's why I would respectfully request that there is no reason for this Court to reengage in a discussion of whether or not Teague is an appropriate ruling. It has been the settled law of Illinois since Flowers came down, I believe, in 1990. It is – there is no basis to undo that sare decisis. It's worked well over that time. On the ineffective assistance of counsel claim, did the defendant ever receive an evidentiary hearing on that issue? No, Your Honor. This ineffective assistance of counsel claim was first raised in the current motion for leave to file a successive post-conviction petition. The trial court here denied leave to file, finding the defendant had not satisfied his burden of establishing cause and prejudice, and the appellate court affirmed that. And so – and there's been no demonstration. As we argue in our reply brief, the defendant can't satisfy cause and prejudice because he cannot demonstrate that the information wasn't available before because the affidavit which he offers from the Lamont-Baxter does not in any way say that his attorney at the juvenile transfer hearing did not talk to him before. It just says that Mr. Baxter doesn't remember ever talking to him. Is the record in such a statement, or has the defendant sought remand on that issue only even if the others are not granted? I believe that – It's only effective assistance. I believe that one of the requests for relief in my counsel – the opposing counsel would know that better, obviously. But I believe that one of the requests for relief in the alternative is for remand for allowing the filing of successive petition, in which I imagine the one claim that he would be pursuing at that point would be the ineffective assistance of counsel claim. But again, as I said, there's no basis for the cause, and there's certainly no basis for prejudice because, as demonstrated by the record, as the appellate court here found and the trial court found, the trial judge at the juvenile discretionary transfer hearing was well aware of not only the defendant's probation officer's report, the other physical evidence, but also Mr. Baxter's, Lamont Baxter's prior statements in grand jury testimony. And so all that allegedly is missing from that calculus is further new information which comes to light 20-plus years later that maybe the petitioner was not as actively involved in the discussion when they decided they were going to kill everyone in the apartment other than the one woman, Joanne Reed. So we respectfully request that there is no basis for cause and prejudice in this case, and the trial court properly denied leave to file the successive petition, and the appellate court properly affirmed that. And so if there are no further questions, we respectfully request that this court affirm the denial of leave to file successive petition, reverse the appellate court's judgment vacating the natural life sentence, and affirm the conviction as it remains. Thank you. Good morning, Your Honors. Counsel, may it please the court. My name is Patricia Song with the Center for Juvenile Law and Policy at Loyola Law School in California, formerly with the Children and Family Justice Center at Northwestern University School of Law, where I first started representing Adolfo Davis five years ago. I'm here with my pro bono counsel, co-counsel, Skadden Arps, on behalf of Adolfo Davis. A 37-year-old matured man today, but 23 years ago, was a 14-year-old child when he was sentenced to die in prison. I focus on my argument on the issue of retroactivity, but I'm happy to answer questions about cross-relief. Miller v. Alabama changed the constitutional landscape where three concerns intersect. Children, who the United States Supreme Court has deemed constitutionally different than adults for the purposes of sentencing, given their hallmark features. Life in prison without the possibility of parole, this state's harshest available sentence. And last, the complete denial of judicial discretion to consider youth and any mitigating factors as required now by the United States Supreme Court in Miller v. Alabama. In the wake of Miller, it is indisputable that Adolfo, like an estimated 80 others in the state, continues to serve an unconstitutional sentence. The issue before this Court is whether to uphold the appellate court's remand for resentencing, consistent with four other panels of the Illinois appellate court, to consider factors that Miller v. Alabama now requires and that no sentences are ever considered. Adolfo's age, and in the words of the United States Supreme Court, the wealth of characteristics and circumstances attendant to it, his chaotic upbringing and his early involvement with child protective services, his lesser role in the defense, and ultimately his capacity to change. All five decisions of the Illinois appellate court found that Miller is indeed under T because it is both a substantive rule and a watershed rule. To hold otherwise would be inconsistent with what we know and what courts have repeatedly asserted about youth, their lesser culpability, and their capacity to change. Miller is substantive because it categorically prohibited a punishment, mandatory  Counsel, can I just stop you right there and just ask you to engage the argument that the State made? State said that if we read Miller closely, it specifically says it is not a categorical rule. Is it or is it not a categorical rule? It is a categorical ban on a mandatory life without parole sentence. The State would have you conflate mandatory and discretionary life without parole sentences. And that contention is wrong. The sentences are distinct. They are different. And Miller took issue specifically with the impermissible omission of a mandatory life without parole sentence for children. The constitutional infirmity here is that youth and other mitigating factors were not considered as part of imposing that sentence. Indeed, the State of Alabama tried to make the same argument as the State does here, that a sentence that is otherwise not cruel and unusual does not become so because it is mandatory. So in Miller v. Alabama, the State tried to have the Court focus its attention on the continued availability of life without parole or on life without parole as the punishment at stake. The United States Supreme Court dismissed that argument. It rejected it as myopic. And it said that Harmland, which was the case that the State of Alabama focused on, had nothing to do with children and did not purport to hold, apply its holding to the sentencing of juvenile offenders. In other words, the United States Supreme Court in Miller was saying that this case had everything to do with children. So it said that a mandatory life without parole sentence is at odds with the capacity of a child to change and that it poses too great a risk of disproportionate punishment. It went on to actually observe that even a discretionary life without parole sentence would be uncommon, that appropriate occasions for imposing a discretionary life without parole sentence would be uncommon. The United States Supreme Court has given us further guidance on what constitutes a substantive rule. It's drawn distinctions in its cases since Teague. In essence, a substantive rule affects the outcomes of a case, whereas a procedural rule affects the manner of determining those outcomes. So if you look at the effect of Miller, it broadened the range of available sentences. The post-Miller sentencing regime is distinctly different. Three appellate panels of the Illinois appellate court have ruled on this basis that Miller is substantive. The court in People v. Luciano observed that it didn't matter that Miller v. Alabama didn't categorically prohibit life without parole. It categorically broadened the range of sentences available. For children facing life without parole. The United States Supreme Court in Summerlin considered its decision in Ring v. Arizona in 2002, which found that a jury, not a judge, must consider aggravating factors in imposing the death penalty. The distinction it drew there gives us clear guidance on what's a substantive rule versus a procedural rule. It said that when a State makes a certain fact essential to the imposition of the death penalty, and then the court comes in and says that that fact must be found by a jury, that is a procedural rule. But where the court makes a fact essential to the imposition of the death penalty in the first instance, that is a substantive rule. And that is exactly what we have here. Miller made certain facts essential to the imposition of natural life on children in the first instance. There was no decision before. There was no discretion at all given to a sentencer. Indeed, Miller flows from two lines of Eighth Amendment cases concerned with disproportionate punishment. And all of those have been applied retroactively. It extended the Roper-Graham line of reasoning concerned with children beyond the homicide context. And it took the Woodson line of individualized sentencing cases beyond the death penalty context. All of those prohibited a certain punishment for a certain class of offenders. Exactly. What is the cross-relief that you seek in relationship to Miller? Is there any? There are a number of claims on cross-relief. One of them is Adolfo Davis asserts his life without parole sentence is unconstitutional under the Illinois Constitution as well. Miller is reasoned to reexamine the state constitutional challenge that Adolfo Davis made previously under this Court's decision in Leon Miller. Leon Miller, however, was an as-applied ruling specific to that defendant, and relief was at the trial court's discretion. Miller v. Alabama is a categorical ruling that provides in every instance or gives a child in every instance by right a full sentencing hearing to consider a number of factors, including their youth, including their background, their role in the participation, and ultimately their capacity to reform themselves. Well, counsel, as I understand, part of your argument anyway is that your cross-relief attacks the Illinois sentencing scheme as void ab initio based on Miller. Is that correct? Yes. There are a number of cross-relief claims, one challenging Adolfo's sentence under the Illinois Constitution. We also argue that his sentence is void and void ab initio, that a sentence that is unauthorized by statute can be raised at any time and is subject to challenge at any time, and that it is also void ab initio because under no circumstances can a mandatory life without parole sentence be imposed on a child any longer. Is that your answer, counsel, then, to the response by the State, that any void ab initio challenge has to be a facial challenge, and the mere fact that Miller allows discretionary life sentences, that's a different situation than we have here because it was mandatory? Yes, Your Honor, exactly. This is a different situation. There is a different statute that authorizes a discretionary life without parole sentence, and that is not applicable to Adolfo Davis. There was no finding of a heinous and brutal act here. That would be a different sentence that has nothing to do with Miller v. Alabama. The answer on retroactivity is actually contained in Miller itself. The United States Supreme Court took two companion cases, one on direct appeal and one on collateral review, and granted relief to both defendants. So Adolfo is entitled to the same relief that Jackson in Jackson v. Hobbs got, which was a resentencing to consider individually his youth and other mitigating factors. The United States Supreme Court in Teague said that the U.S. Supreme Court does not announce a rule and then proceed to apply that rule to the defendants in that case unless it would apply to all similarly situated defendants. So looking at the action of the Court, it is clear that the United States Supreme Court acted with full appreciation of the repercussions that would flow for retroactivity when it granted relief to both defendants, Miller and Jackson. We also submit that Miller v. Alabama is a watershed rule of criminal procedure, that such a rule is essential to fundamental fairness and the accuracy of a criminal proceeding. The United States Supreme Court in a case called Sawyer v. Smith provided a very helpful distinction. It said that a watershed criminal rule, watershed rule of criminal procedure is a prerequisite to fundamental, an absolute prerequisite to fundamental fairness, as opposed to a rule that adds to an existing protection of due process against fundamental unfairness. It also clarified that a rule that is not watershed removes some remote possibility of an arbitrary infliction of a punishment. That is not what we have here. Miller is an absolute prerequisite to fundamental fairness. It did not add to an existing due process protection. There was no due process protection here. There was no role that counsel played at sentencing. The State would have you focus on Gideon as the only exception that the United States Supreme Court has ever found to qualify as a watershed rule. We submit that Miller is as profound as Gideon. In Gideon, there was no process for defendants at trial. In Miller, there was no process for children at sentencing. Both were denied the role of counsel at a critical stage of proceeding, and that proceeding was made hollow in the absence of counsel. We also submit that while Teague was concerned with finality and comedy, that those concerns are weakened or different in this context, where we're talking about sentencing and state courts, and where the review remains entirely within the state court system. So comedy, which is concerned with deference by federal courts to state courts, is different here, where we're just talking about review within the state court system, and finality is actually finality of criminal convictions, not of the sentence. So the State doesn't actually have an interest in a specific sentence for a number of years or a term. The balance that must be struck by this Court is society's interest in the finality of criminal convictions on one hand, and the defendant's interest in vindicating violations of constitutional rights. And on balance, we argue that the complete denial of a child's right to individualized consideration when he faces a sentence that the United States Supreme Court has likened to the death penalty should outweigh much weakened concerns around comedy and finality in the state court and sentencing context. Counsel, before your time runs out, back to the Voight-Evanitio cross-relief request. The State notes that in People v. Leon Miller, a Supreme Court case, that the convergence of three statutes to try to find a Voight-Evanitio, to support a Voight-Evanitio claim was unconstitutional as applied to the defendant. It wasn't facially unconstitutional. So how do you address that case with the knowledge that if it is an as-applied challenge, it can't be Voight-Evanitio? Yes. Leon Miller was an as-applied challenge. But this is a – Miller found that the sentencing scheme is facially unconstitutional, that it no longer applies to child defendants. So it's a different kind of ruling than Leon Miller. And the State's reliance on Leon Miller to show that Miller v. Alabama, the United States Supreme Court decision, is misplaced. There are two different kinds of rulings. One was as-applied and one was categorical. But don't you use a convergence of statutes to get to the point of coming up with the mandatory scheme and therefore saying that it should be facially unconstitutional? Yes, Your Honor. So in that respect, isn't this case similar to Leon Miller? Yes, Your Honor. There are certainly similarities between the two cases. And this Court was prophetic in recognizing in People v. Leon Miller that in some different statutes and because of the individual factors of that case and the defendant's age, that the sentence becomes unlawful. But again, the relief in Leon Miller is still at the trial court's discretion. And it's specific to the facts of that case, whereas relief in Miller v. Alabama is provided to every child defendant facing a death-like sentence. When Adolfo Davis brought his challenge under the State Constitution, the Illinois Appellate Court declined to consider his argument on its merits. And the First District Appellate Court noted that there was, quote, an element of inequity in refusing to do so, and that very few juvenile defendants are serving a natural life sentence based on having been convicted of multiple murders under a theory of accountability, and that it would be comparatively easy for the courts of the State to consider whether the holding in Miller should be applied to cases on collateral review. And it said that if ever there was a case that should be applied to cases on collateral review, even though it does not meet the requirements of TEA, Leon Miller was that case. And so Miller v. Alabama comes along, changes the constitutional landscape, and makes clear that the principles in Leon Miller were correct, but that they should provide relief to every child defendant facing a life without parole sentence. Unless Your Honors have any other questions, we ask this Court to follow the United States Supreme Court's constitutional mandate and to remand Adolfo's case for resentencing to affirm the Appellate Court's decision below. Thank you. Thank you. Thank you again. First, in regards to counsel's argument regarding the Jackson v. Arkansas companion case to Miller v. Alabama, and we point this out specifically in our opening brief and reply brief, that might be a compelling argument but for the United States Supreme Court decision in Chavez v. United States. Chavez addressed whether or not the Court's earlier decision in Padilla v. Kentucky should be applied retroactively. Padilla, as this Court knows, involved whether or not it was ineffective assistance of counsel for failing to inform your client about deportation consequences. But Padilla v. Kentucky was a post-conviction case. It rose to the United States Supreme Court out of the State post-conviction procedures. And when it arrived at the Supreme Court, the Supreme Court addressed it, ruled that there was ineffective assistance of counsel, and granted Mr. Padilla relief. The question then became, is Padilla retroactive? And as it reached the United States Supreme Court in Chavez v. United States, as the Court specifically said, if Padilla is a new rule of law, it cannot be applied If it is not a new rule of law, then of course it can be applied. And what the U.S. Supreme Court held in Chavez was that it was a new rule of law. Padilla was not governed by prior precedent. And so therefore, under Teague, it could not be applied retroactively. So Chavez is a perfect example of the United States Supreme Court granting relief in a post-conviction manner, in a case which is already deemed final, and then subsequently explaining why that ruling, the substantive ruling, still doesn't apply retroactively to other defendants who may be on collateral relief. That's why the fact that the United States Supreme Court granted relief in the Jackson v. Arkansas case is not dispositive. And notably in the decision in Miller v. Alabama, the Court makes clear that there are no retroactivity arguments being made. There's no mention at all. And as we point out in our briefs, the absence of an argument cannot be equated with the finding of a rule of retroactivity. That's been the law in the United States Supreme Court. That's been the law in this Court, too. And so Jackson is an aspect of the case, but it is not determinative and it is not dispositive. As to the argument that the State of Alabama made the same claim that discretionary life sentences are identical to mandatory and natural life sentences, I would point out that one that was on a direct appeal, and so the Court was trying to decide whether or not Evan Miller's natural life sentence violated the Eighth Amendment. And what the Alabama authorities argued was that, well, we could have given him a discretionary life sentence anyway. And the U.S. Supreme Court said, no, that's not good enough. This sentence, which we are under review on this direct appeal, is what we're going to consider, and they found that to be a violation of the Eighth Amendment. Counsel further said that Miller is just an extension of the prior rulings, which have also been deemed retroactive. Well, those are Graham and Roper, and Graham and Roper are categorical rules. If Miller had done what Graham and Roper did, which says no natural life sentences may be imposed upon any defendant under 18, I would not be standing here arguing for retroactivity. I would be acknowledging that it applied substantively. But that's not what the Court said. In fact, the Court said specifically otherwise. We are not adopting a categorical rule like we did in Graham and Roper. And then, ironically, this would be the first case, according to my opposing counsel, which is both procedural and substantive, and applies retroactively under both. No court has ever found a substantive and procedural rule to be retroactively. In Summerlin, Schirero v. Summerlin, which we cite extensively in our reply brief, demonstrates why. Because in that case, the Ninth Circuit, holding that Ring v. Arizona applied retroactively because it was both substantive and procedural, and it's specifically the exact same arguments or practically the same arguments which counsel are making now as to why Ring should be applied retroactively as substance, the U.S. Supreme Court rejected. And in fact, rejected unanimously, because although Schirero was a 5-4 decision, the four dissenters only dissented on a watershed basis, on a procedural basis. No discussion at all of the substantive argument and the clear rejection as to why the Ninth Circuit got it wrong. Because as the U.S. Supreme Court said in Schirero, the fact that we have altered our understanding as to the way the statute works doesn't mean that it's a substantive change in the statute. As to the cross-relief regarding facial v. as applied in Voight-Abonicio, Summerlin answers that, too. Schirero answers that. The statute is still there. It still authorizes a natural life sentence. We just know now, pursuant to Miller v. Alabama and prior in other cases, pursuant to this Court's decision in Lee v. Miller, that additional procedures have to be taken before we can impose a natural life sentence on those murderers who are under 18. This isn't a situation where it's Voight-Abonicio, where the legislature was beyond its authority when it enacted that statute. Importantly, because that statute is still valid for any defendant who is over 18 years old at the time he commits a multiple murder. It's not the State that's asking this Court to liken Miller to Gideon v. Alabama to Gideon v. Wainwright. It's the United States Supreme Court that says that is the standard for procedural retroactivity. If it's not akin to Gideon, it's not a watershed rule. And so, therefore, it is not retroactive under the second Teague exemption. And then finally, counsel talked greatly about the prior decision in the appeal from Petitioner's third postconviction petition, where the defendant had raised a Leon-Miller claim and the appellate court had said, well, we don't find it retroactive, but if there is a case, it should be this because there's some inequality. I would just note that this Court denied the PLA in that case. It could have addressed the issue of the retroactivity of Miller v. Leon-Miller at that point. It chose not to. And instead, what that left this Petitioner, his route of relief, is not through the courts, but through executive clemency, where he has sought executive clemency. It hasn't been granted, but he has sought executive clemency. And that's the proper remedy for these particular defendants. The sentences were imposed properly at the time. They satisfied the Constitution. This new rule of criminal procedure will be applied prospectively, properly, and appropriately. No more will any defendant who is under 18 years old be sentenced to mandatory natural life, but going backwards, going retrospectively, those defendants, their sentences are valid, their convictions are valid, and the proper remedy is through the executive as opposed to the judiciary. And for those reasons, we respectfully request that this Court reverse the judgment of the appellate court to the extent that it vacated defendant's conviction and affirm the denial of the motion for leave to file successful post-conviction petition. Thank you. I thank the parties for their argument, and you are excused. Martial case number 115-595, people of the state of Illinois versus Adolfo Davis is taken under advisement as agenda number six, and the Supreme Court will stand adjourned until Wednesday, January 22nd, 9.30 a.m.